George **BALLIS**, Plaintiff,

v.

**MOBIL OIL CORPORATION**, and **Daniel J. Walker**, Defendants.

No. 85 C 07525.

United States District Court, N.D. Illinois, E.D.

Sept. 6, 1985.

On Motion to Dismiss Oct. 31, 1985.

Joseph A. Malek, Berwyn, Ill., for plaintiff.

Jeffrey M. Cross, Deborah S. Pardini, Ross & Hardies, Chicago, Ill., for defendant Mobil Oil Corp.

Dennis Hoornstra, Oak Brook, Ill., for defendant Dan Walker.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

This action under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2806, is before the court on the motion of plaintiff George Ballis for a temporary injunction to prevent defendant Mobil Oil Corporation from evicting him from its premises and terminating its franchise relationship with plaintiff. Jurisdiction is properly founded upon 15 U.S.C. §§ 2805(a) and 2805(b). For the reasons set forth herein, the motion is denied.

Plaintiff, a sole proprietor, has been an authorized Mobil franchisee for almost ten years at his location in Des Plaines, Illinois. His last lease and franchise agreement were due to expire by their written terms on August 31, 1985. On February 4, 1985, he received a registered letter advising him that Mobil had decided not to renew his lease in order to sell the premises. On May 1, 1985, plaintiff received from Mobil a letter informing him of an offer by co-defendant Daniel J. Walker to purchase Mobil's fee interest in the land for $290,000,

and offering plaintiff a 45-day right of first refusal with reference to that offer. The envelope also contained an additional offer from Mobil to sell plaintiff the personal property which had been leased to him for another $14,852, for a total of $304,852. Plaintiff did not offer to pay the price because it was vastly in excess of what the land was worth for purposes of operating a service station. On August 27, 1985, four days before his lease and franchise expired, plaintiff filed the present suit.

Plaintiff alleges that defendant Mobil violated § 2802(b)(3)(D)(iii) of the Petroleum Marketing Practices Act by not making him a bona fide offer to sell its interest in the premises and by not offering a bona fide right of first refusal. Plaintiff accordingly seeks an injunction under § 2805(b)(2), which allows preliminary equitable relief where a terminated franchisee demonstrates "sufficiently serious questions going to the merits to make such questions a fair ground for litigation" with respect to make such questions a fair ground for litigation;; with respect to alleged violations of section 2802 or 2803. The court concludes that plaintiff has failed to demonstrate questions "sufficiently serious" to establish a fair ground for litigation and therefore denies the motion for preliminary equitable relief.

In his complaint, and in his memorandum requesting a temporary injunction, plaintiff does not challenge the fact that Walker genuinely offered to purchase Mobil's fee interest in the land for $290,000, nor does he challenge the genuineness of Mobil's desire to sell the premises. Plaintiff also concedes that a decision to sell the premises is a statutorily permissible reason for terminating a petroleum marketing franchise under the Act. 15 U.S.C. § 2802(b)(3)(D)(i). Plaintiff instead argues that: 1) the Act requires Mobil to sell him the franchise at a fair and reasonable price notwithstanding a higher offer from the third party; and 2) Mobil's failure to make a single offer under which it offered to sell him *all* its interest in the premises (both real and personal) at a single price also violated the Act. Plaintiff argues that the fair market value of the real property does not exceed $180,000 and that Mobil therefore should have sold to him at that price regardless of Walker's willingness to pay $110,000 more.

The court finds both of these arguments unpersuasive. The statute permits franchisors such as Mobil who wish to sell their leased premises *either* to make a bona fide offer to sell to the franchisee its interest in the premises; *or*, if applicable, to offer a right of first refusal of at least 45 days duration of an offer made by another to purchase the franchisor's interest in the premises. Applicable case law makes clear that a bona fide offer to sell the franchisor's "interest" must encompass more than a mere sale of the realty. *Roberts v. Amoco Oil Co.*, 740 F.2d 602, 606 (8th Cir.1984); *Greco v. Mobil Oil Corp.*, 597 F.Supp. 468, 470 (N.D.Ill.1984). The theory of these cases is that the purpose of the Act—to protect franchisees against arbitrary termination—would be undermined if sale offers did not render as a reasonable possibility the franchisee's continued operation of a service station. Mobil's offer to sell its personal property instead of merely offering plaintiff the right to match Walker's offer concerning the real estate appears to meet this requirement. The court finds no logic in plaintiff's argument that the simultaneous device of using both subsections is not in compliance with the statutory intent. *Cf. Tobias v. Shell Oil Co.*, 606 F.Supp. 458 (E.D.Va.1985) (failure to offer environmentally dangerous storage tanks for sale coupled with an offer to sell alternative tanks did not negate bona fides of sale).

Plaintiff's other argument—that the Act requires Mobil to take a $110,000 loss because he wishes to continue running a service station on the premises—also fails. The statute clearly requires Mobil to give plaintiff the right to *match* a third-party purchaser's offer, but does not oblige Mobil to give plaintiff any special price discounts. As noted by the Seventh Circuit in *Brach v. Amoco Oil Co.*, 677 F.2d 1213,

1220 (7th Cir.1982), Congress expressly intended to allow franchisors adequate flexibility to "respond to changing market conditions and consumer preferences." (quoting 123 Cong.Rec. at 10383). While the Act must be liberally construed in favor of franchisees, 677 F.2d at 1220, requiring franchisors to eschew a higher third-party offer in order to fulfill an offer from a franchisee is both unrealistic and contrary to Congressional intent.

■ Based on the above analysis, the court finds insufficient merit in plaintiff's complaint to justify preliminary relief. According to the complaint, Mobil offered plaintiff the right to match Walker's bid within 90 days of the nonrenewal notice. The right of first refusal further gave plaintiff the statutory requisite of 45 days within which to respond. Nothing in the complaint or the materials submitted by the parties suggests that Mobil was obliged under § 2802(b)(3)(D) to do more. Nor does the complaint, read as a whole, suggest that plaintiff has been irreparably harmed. Plaintiff waited until *after* his 45 days had expired to bring suit, during which time Mobil and Walker presumably could have closed their deal.

■ Finally, although plaintiff alleges that Mobil refused his attempts to negotiate a price and overvalued the personal property by around $9,000, the complaint also indicates beyond doubt that plaintiff was and is unwilling to pay the $290,000 price offered by Walker. Plaintiff repeatedly argues that the $290,000 is not a "bona fides" price because it exceeds what he alleges to be the true appraisal value; *Brownstein v. Arco Petroleum Products Co.*, 604 F.Supp. 312 (E.D.Pa.1985). Plaintiff also tries to impugn Walker's motives by suggesting in his response brief that Walker is squeezing other franchisees out of competition. (These insinuations are altogether absent from plaintiff's complaint.) Were plaintiff to allege that Walker's offer was a sham, or that Walker and Mobil were colluding to terminate him arbitrarily, the situation would be different. However, the term "bona fides" is absent from the statutory provision regarding rights of first refusal, thus suggesting that a franchisor under the Act is not obliged to sell at less than an optimal price. This is particularly relevant here where plaintiff requests as relief that Mobil be ordered to sell all the property to him for $185,000 and that he should then "be given the opportunity of selling to Daniel J. Walker should he desire to do so." (¶ 36.) There is no reason plaintiff should obtain a windfall profit from market conditions which neither he nor defendant Mobil controlled.

Accordingly, the motion for a preliminary injunction is denied without an evidentiary hearing.

It is so ordered.

### SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

This action under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2806 (PMPA), arose out of defendant Mobil Oil Corporation's termination of a gasoline franchise in Des Plaines which plaintiff George Ballis has operated for the past ten years. On September 6, 1985, the court denied plaintiff's motion for a preliminary injunction without a hearing on the ground that plaintiff had not demonstrated "sufficiently serious questions ... to make ... a fair ground for litigation" within the meaning of the statute. Plaintiff appealed that order, and the Seventh Circuit denied him an injunction pending that appeal. Upon defendant's motion to stay discovery pending appeal, this court ordered the parties to brief the adequacy of plaintiff's complaint. Those issues are now fully briefed, and the court orders the plaintiff's complaint dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

For purposes of the present motion, the court accepts the well-pleaded allegations of plaintiff's complaint as true. Plaintiff, a sole proprietor, has been an authorized Mobil franchisee for almost ten years. His last lease and franchise agreement were due to expire on August 31, 1985. On

February 4, 1985, Mobil sent him a registered letter advising that Mobil had decided to sell the premises and would not be renewing his lease. On May 1, 1985, Mobil informed him that co-defendant Daniel J. Walker (former Illinois Governor Dan Walker) had offered to purchase Mobil's fee interest in the land for $290,000. Mobil offered plaintiff a 45–day right of first refusal with reference to that offer, as required under § 2802(b)(3)(D)(iii) of the Act. Mobil also offered at that time to sell plaintiff the personal property which had been leased to him for another $14,852. The latter offer by its terms is extended "in addition" to the right of first refusal: there is no language suggesting that plaintiff had to buy both the realty and personalty, and plaintiff does not allege that this was Mobil's intent.

Plaintiff did not pay the right of first refusal price because he considered it vastly in excess of a fair appraisal price for the land. He attempted to negotiate a purchase price with defendant but was turned away. On August 27, 1985, four days before his lease expired, plaintiff filed the present suit. In his complaint, he alleges that Mobil violated the Petroleum Marketing Practices Act by not selling him the franchise at a fair and reasonable price notwithstanding his refusal to match Walker's higher price and by failing to make him a single offer encompassing all of Mobil's real and personal interest in the property. Plaintiff also alleges that defendant Walker offered to purchase the property in excess of its fair market value "intending thereby to dispossess plaintiff from the property temporarily and/or permanently and to interfere with his business." Mobil has counterclaimed for eviction. Both defendants have moved to dismiss.

Plaintiff has chosen to rely on his previous memorandum filed in support of a preliminary injunction. Reviewing those arguments under the standards of Fed.R.Civ.P. 12(b)(6), the court reaffirms its earlier conclusion that Mobil's conduct as alleged does not violate the PMPA. The statute makes clear that a decision to sell the premises is a statutorily permissible reason for terminating a petroleum marketing franchise, 15 U.S.C. § 2802(b)(3)(D)(i), so long as the franchisor follows certain procedures by *either* making a bona fide offer to sell the franchisee its interest (both real and personal) in the premises or, if applicable, offering a right of first refusal of at least 45 days duration of an offer made by another. § 2802(b)(3)(D)(iii). In this case, Mobil fulfilled the second of the two conditions, which was clearly "applicable," and thereby discharged its statutory duties. The court rejects plaintiff's argument that Mobil is required to sell him property at a personally negotiated price despite a higher offer from a third party which is untainted by fraud. The reasons for this conclusion are set forth in the court's September 6, opinion denying an injunction and will not be repeated here.

■ The court also concludes that plaintiff's complaint fails to allege a claim against defendant Walker for tortious interference with contract. As explained in *Belden Corp. v. Internorth, Inc.*, 90 Ill. App.3d 547, 45 Ill.Dec. 765, 413 N.E.2d 98, 102 (1st Dist.1982), an individual with a prospective business relationship has no cause of action against a bona fide competitor who takes away an expectancy of future economic gain "unless the circumstances indicate unfair competition, that is, an unprivileged interference with prospective advantage." At the time that Walker negotiated with Mobil to purchase the real estate on which plaintiff's franchise was located, plaintiff had no enforceable right to remain on the premises after the expiration of its lease so long as Mobil complied with the provisions of the PMPA. The complaint is void of any allegations which would show that Walker acted in an unjustifiable manner, or violated plaintiff's expectancy without justification. Plaintiff admits in his complaint that Walker builds fast service lubrication shops. Plaintiff alleges that Walker's bid for the property was in excess of the fair market value for operating a retail gasoline station, but nowhere claims that the offer was a sham. The complaint therefore fails to allege that

Walker acted without justification. The facts as alleged suggest only that Walker offered to purchase the property in pursuit of his own business objectives. Lawful competition is not actionable, even though the plaintiff ·is not capable of matching Walker's offer. *Id.*

■ For the above reasons, the court dismisses plaintiff's complaint for failure to state a claim. The court declines to exercise pendent jurisdiction over Mobil's counterclaim, as Mobil has alleged no independent jurisdictional basis for that claim. The action is therefore dismissed.

It is so ordered.