William R. GOOLEY,
Plaintiff, Appellant,

v.

**MOBIL OIL CORPORATION,**
Defendant, Appellee.

No. 88–1064.

United States Court of Appeals,
First Circuit.

Heard June 6, 1988.
Decided July 13, 1988.

Daniel J. Lyne with whom Barbara A. Wegener and Hanify & King, P.C., Boston, Mass., were on brief for plaintiff, appellant.

Robert M. Gault with whom Andrew N. Nathanson, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Boston, Mass., and Charles B. Straus, III, New York City, were on brief for defendant, appellee.

Before COFFIN and SELYA, Circuit Judges, and ACOSTA,* District Judge.

SELYA, Circuit Judge.

Plaintiff-appellant William R. Gooley leased a service station in Norwood, Massachusetts from defendant-appellee Mobil Oil Corporation. He operated the facility for some thirteen years. All was sweetness and light until Mobil decided not to renew Gooley's lease/franchise and to sell the premises. Then, happiness vanished; the pleasures that went before faded fast from memory. *Cf.* S.T. Coleridge, *The Friend* (1828) (happiness "is made up of minute fractions ... little soon forgotten charities"). We set the stage summarily.

Having announced its intentions to divest itself of the property, Mobil offered to sell the station to plaintiff for a sum certain. Initially, he accepted. A purchase agreement (Contract) was signed, subject to various contingencies (including financing). Later, when Gooley could not arrange a

---

* Of the District of Puerto Rico, sitting by designation.

bank loan because the premises were not environmentally immaculate, he demanded return of his deposit. Mobil obliged. At a subsequent date, defendant resolved the on-site environmental problems and entered an agreement to sell the premises to a third party at a higher price. Mobil offered plaintiff the first right of refusal at the new price, but he spurned the gesture—claiming an entitlement to purchase for the amount specified in the earlier Contract. When Mobil would not acquiesce, Gooley sued.

After twice revising his complaint, plaintiff presumably put his best foot forward. On April 29, 1987, he filed a second amended complaint which attempted to limn three causes of action against the franchisor, to wit:

1. Count I—breach of the Contract.

2. Count II—violation of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2841 (1982).

3. Count III—violation of the Massachusetts Consumer Protection Act, Mass. Gen.L. c. 93A (1986).

Mobil moved to dismiss for failure to state a cognizable claim. Fed.R.Civ.P. 12(b)(6). After briefing and oral argument, the district court granted the motion. *Gooley v. Mobil Oil Corp.*, 678 F.Supp. 939 (D.Mass.1987). The district judge held in substance that plaintiff, by requesting a refund of his deposit, effectively rescinded the Contract, "thereby waiving his contractual rights." *Id.* at 941. She further ruled that Mobil's initial offer to sell to the plaintiff was "bona fide" within the purview of 15 U.S.C. § 2802(b)(3)(D)(iii),[1] *id.* at 941–42, and that Gooley had failed to allege facts sufficient to constitute "deceptive trade practices prohibited by [chapter 93A]." *Id.* at 942. Plaintiff, eschewing any attempt to amend his complaint further, prosecuted this appeal.

In the precincts patrolled by Rule 12(b)(6), the demands on the pleader are minimal. As we have recently stated, the court must

> accept the well-pleaded factual averments of the latest (second amended) complaint as true, and construe these facts in the light most flattering to the [plaintiff's] cause ... exempt[ing], of course, those "facts" which have since been conclusively contradicted by [plaintiff's] concessions or otherwise, and likewise eschew[ing] any reliance on bald assertions, unsupportable conclusions, and "opprobrious epithets."

*Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987) (citations omitted). A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–48, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957). Nevertheless, minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real—and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation. The court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal.

■ In this case, the plaintiff pleaded no facts adequate to entitle him to offer evidence in support of his (entirely conclusory) assertions. And we need neither reinvent the wheel nor tarry long over his claims to the contrary. The district court has competently described the shortcomings of the second amended complaint and nothing would be gained by appellate reiteration of the pivotal points. Accordingly, the judgment of dismissal may be affirmed for substantially the reasons set forth in Judge Zobel's insightful opinion, 678 F.Supp. 939.

We augment the district court's reasoning in only a few respects. That there was no breach of the Contract was crystal clear

---

1. Section 2802(b)(3)(D)(iii) provides in pertinent part that the franchisor must make either "a bona fide offer to sell, transfer, or assign to the franchisee such franchisor's interests in such premises; or ... [grant] the franchisee a right of first refusal of at least 45–days duration of an offer, made by another, to purchase such franchisor's interest in such premises." One or the other must be done within 90 days of the giving of notice of termination. *Id.*

from the papers in the case, *see id.* at 940–41, and necessitates no extraneous comment. As to appellant's remaining statements of claim, two minor asides seem appropriate.

■ As to Count II, plaintiff seems to have shifted his approach. He now intimates in his appellate brief—though nowhere in the second amended complaint—that Mobil's offer was below par because the site was contaminated by oil seepages, and thus, overvalued at the offering price. Passing all else, we note that Gooley's allegation that Mobil's offer was not a "bona fide" one remained, despite multiple opportunities to finetune the complaint, a naked conclusion, unanchored in any meaningful set of factual averments. Modern notions of "notice pleading" notwithstanding, a plaintiff, we think, is nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. We agree with the Seventh Circuit that if the facts narrated by the plaintiff "do not at least outline or adumbrate" a viable claim, his complaint cannot pass Rule 12(b)(6) muster. *Sutliff, Inc. v. Donovan Companies,* 727 F.2d 648, 654 (7th Cir.1984). *See also Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982), *cert. denied,* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983); *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir.1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978).[2]

Appellant asks to be excused from even this minimal burden because of what he characterizes as "the underlying policy considerations" of the Petroleum Marketing Practices Act. Appellant's Brief at 21. But Gooley's view of these policy consider-

ations is lopsided; there are two sides to the statutory story. Although we have long acknowledged the need to construe the PMPA liberally to effectuate its ultimate objective—the granting of some meaningful measure of protection to service station franchisees—we have likewise borne in mind that the statute "constituted a diminution of prior rights of franchisors and thus should not be extended beyond [its] language and purpose." *Desfosses v. Wallace Energy, Inc.,* 836 F.2d 22, 26 (1st Cir.1987) (citation omitted). Here, the allegation that Mobil's offer was other than bona fide was merely a subjective characterization, devoid of a minimally sufficient factual predicate. To permit a plaintiff, on such a skimpy foundation, to drag a defendant past the pleading threshold would be to invite litigation by hunch and to open gasoline franchisors—just because they are franchisors—to the most unrestrained of fishing expeditions. We decline to impose such an onerous burden. In sum, Count II of the second amended complaint cannot withstand scrutiny because it contains insufficient rudiments of an actionable claim.

As to Count III, we remark that the chapter 93A violation is pleaded in a similarly conclusory fashion. There is no allegation, say, that Mobil had actual knowledge that the site was contaminated and embarked on a coverup. *Compare, e.g., Sheehy v. Lipton Industries,* 24 Mass. App.Ct. 188, 507 N.E.2d 781, 785, *further rev. denied,* 400 Mass. 1103, 509 N.E.2d 1202 (1987) (to recover under chapter 93A for nondisclosure, plaintiff must show defendant knew property was contaminated; it is an "obvious principle that someone should not be liable [under chapter 93A] for not disclosing what he does not know").[3] In Massachusetts, the litmus test

2. "[A]s the greenest of counsel should know," representations in a brief are an impuissant surrogate for a record showing. *United States v. Kobrosky,* 711 F.2d 449, 457 (1st Cir.1983); *see also Goldstein v. Kelleher,* 728 F.2d 32, 37 (1st Cir.), *cert. denied,* 469 U.S. 852, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984). This is especially true in a situation where—as here—plaintiff has had (and used) several prior opportunities to amend his complaint. To borrow a baseball

aphorism, three strikes and out seems to us not unfair.

3. This is but one illustration of the plaintiff's rampant failure to set forth in his second amended complaint the material elements of a chapter 93A claim. There are several similar deficiencies, including the failure to allege that defendant's knowledge of the premises, as a landlord out of possession, was somehow supe-

for transgression of chapter 93A involves behavior which falls within "the penumbra of some ... established concept of unfairness," and is sufficiently "unethical or unscrupulous" to be actionable under the statute. *Wasserman v. Agnastopoulos,* 22 Mass.App.Ct. 672, 497 N.E.2d 19, 23, *further rev. denied,* 398 Mass. 1105, 499 N.E.2d 298 (1986), quoting *PMP Associates, Inc. v. Globe Newspaper Co.,* 366 Mass. 593, 321 N.E.2d 915, 917 (1975). In this case, there was no *factual* predicate in the second amended complaint to suggest that Mobil's conduct trenched near to—let alone crossed—that line.

We need go no further. The district court did not err in granting the motion to dismiss on all counts.[4]

*Affirmed.*

rior to that of plaintiff, a daily occupant of the site for well over a decade.

**4.** Our disposition of Count III on grounds of insufficiency renders it unnecessary for us to reach appellee's further contention that section 106(a) of the Petroleum Marketing Practices Act, 15 U.S.C. § 2806(a), preempts chapter 93A in this instance. We take no view of that asseveration.