Anthony **LAURO**, Plaintiff,

v.

**MOBIL OIL CORPORATION**, Defendant.

No. 92–220–Civ–Ftm–23D.

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 7, 1992.

Joseph. R. Rowe, Jr., Joseph R. Rowe, Jr., P.A., Tampa, FL, for plaintiff.

Mark A. Cohen, Mark A. Cohen & Associates, P.A., Miami, FL, for defendant.

**EXPLANATORY ORDER ON MOTION FOR PRELIMINARY INJUNCTION**

MERRYDAY, District Judge.

The plaintiff moved for a preliminary injunction pursuant to 15 U.S.C. § 2805(b)(2) to enjoin Mobil Oil Corporation ("Mobil") from terminating the Petroleum Marketing Practices Act ("PMPA") Motor Fuels Franchise Agreement entered on April 24, 1989, between the parties. Under the agreement,

the franchise was to expire April 30, 1989. The termination date was subsequently extended to June 30, 1992. On June 30, 1992, the plaintiff filed a "Complaint for Preliminary Restraining Order and Temporary and Permanent Injunction" and "Motion for Temporary Restraining Order." This Court denied the motion for temporary restraining order on July 2, 1992, but permitted a hearing on the plaintiff's request for a preliminary injunction. This Court denied the plaintiff's motion for a preliminary injunction by order dated July 23, 1992. This order supplements the July 23, 1992, order, with the Court's reasoning for denying the preliminary relief requested.

■ Under the PMPA, the court must grant a preliminary injunction if:

(A) the franchisee shows:

(i) the franchise of which he is a party has been terminated or the franchise relationship of which he is a party has not been renewed, and

(ii) there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and

(B) the court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted.

15 U.S.C. § 2805(b)(2).[1] In the instant case, the parties do not dispute the existence of the franchise relationship or the fact that the franchise was not renewed. The conflict arises over whether the nonrenewal was proper under the PMPA. Mobil maintains that it elected not to renew the franchise because it had decided to sell the premises. Under the PMPA, a decision to sell is a proper ground for nonrenewal if certain conditions are met, including proper notice to the franchisee and a bona fide offer to sell the premises to the franchisee or an offer of the right of first refusal. 15 U.S.C. § 2802(b)(3)((D). Mobil asserts that it complied with all PMPA requirements for notice of nonrenewal and for offering to sell the property to the plaintiff. The plaintiff apparently concedes that proper notice and offer procedures were followed[2] but argues that the offer to sell was not bona fide as required under the PMPA. The possibility that the offer was not bona fide, contends plaintiff, raises a serious question for litigation and thereby entitles the plaintiff to a preliminary injunction in accordance with the PMPA.

■■ The plaintiff asserts that the offer was not bona fide for two reasons: first, the plaintiff argues that Mobil's asking price exceeded the appraised value by more than $100,000; and, second, the plaintiff contends that Mobil failed to honor its offer to finance the property. Although an asking price that "substantially exceeds" the appraised value of the property may raise a question as to whether the offer is bona fide, *Brownstein v. Arco Petroleum Products Co.*, 604 F.Supp. 312 (E.D.Pa.1985), the franchisee is not entitled to a preliminary injunction unless he shows that the franchisor's offer was a "sham" or was intended to terminate the franchise arbitrarily. *Ballis v. Mobil Oil Corp.*, 622 F.Supp. 473, 476 (N.D.Ill.1985). In the instant case, the scant and somewhat contradictory evidence introduced by the plaintiff fails to support the plaintiff's position. Although the plaintiff maintains that the defendant's offer was too high, he also states that he attempted to obtain financing from two banks, presumably at the offered price. Apparently the banks did not dispute the asking price; but rather the banks denied financing because of possible environmental contamination at the site. Further-

---

1. Under this standard, the plaintiff has the minimal initial burden of demonstrating (1) the existence of a franchise relationship; (2) his status as a franchisee; and (3) the nonrenewal of the franchise relationship by the franchisor. The burden then shifts to the defendant to show that there was a permissible ground for nonrenewal pursuant to 15 U.S.C. § 2802(b). *Brownstein v. Arco Petroleum Products Co.*, 604 F.Supp. 312, 314 (E.D.Pa.1985) (citing to legislative history to the PMPA reprinted in 1978 U.S.Code Cong. & Ad.News 873, 899).

2. Paragraph 12 of the Complaint alleges that the defendant did not follow PMPA notification procedures; however, this argument was not raised at the July 16th hearing. In any event, the documents submitted by Mobil demonstrate that the plaintiff did receive adequate notice of Mobil's intention not to renew the agreement.

more, the only evidence the plaintiff presented on the valuation of the property was a report appraising the property as a vacant lot.[3] This report did not consider improvements to the property or any other components of the "going concern" value of the property. The plaintiff also failed to demonstrate that he sought and was denied financing from Mobil.[4] Thus, the plaintiff failed to substantiate his claim against Mobil: the evidence submitted shows neither that the asking price "substantially exceeded" the appraised value nor that the offer was a "sham."

On the other hand, Mobil presented correspondence between the parties showing that Mobil offered the plaintiff a timely contract to purchase and twice extended the plaintiff's deadline for acceptance. The plaintiff did not object to the submission of these documents or challenge their validity. Absent any evidence by the plaintiff that he attempted to negotiate with the defendant or any other support for the plaintiff's allegations of the defendant's bad faith, the plaintiff's motion does not demonstrate a sufficiently serious question for litigation nor does it show that the balance of hardships weighs in his favor. Accordingly, the plaintiff's request for a preliminary injunction was DENIED (Doc. 1). The Court does not find that the plaintiff's claims were frivolous under the PMPA; therefore, the Court DENIES the defendant's request for attorney's fees and Rule 11 sanctions. Further, the defendant's request that the Court dismiss the action is DENIED without prejudice to the defendant's right to file a separate motion to dismiss with accompanying memorandum.

---

3. See Plaintiff's exhibit 1 entitled "Appraisal Report of Service Station Site, 269 Pondella Road, As a Vacant Site, North Fort Myers, Florida." Although the plaintiff's counsel told the Court that the appraisal included personalty, page 51 of the report specifically states that the property was appraised as a vacant site and none of the improvements on the property was factored in the valuation.

4. The plaintiff argues that he submitted two letters of rejection from banks to Mobil in an effort to obtain financing from Mobil. These two letters alone, however, did not complete the application to Mobil. In a letter dated May 26, 1992, Mobil specified four criteria for requesting financing from Mobil Oil: an executed copy of the Offer to Sell, a check for 10% of the purchase price, two bank rejection letters, and a completed credit application. The plaintiff never demonstrated that he submitted all of the required documents or that he requested an exemption from any of the requirements.