**Harry J. FREEMAN, Plaintiff,**

v.

**THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY as successor to The Atchison, Topeka & Santa Fe Railway Company, Defendant.**

**No. Civ. A. 97–4042–DES.**

United States District Court,
D. Kansas.

Oct. 29, 1997.

Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for Plaintiff.

Harry James Freeman, Topeka, KS, Pro se.

Larry G. Pepperdine, David R. Cooper, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

Plaintiff filed a pro se complaint on February 19, 1997, alleging violation of Title VII of the Civil Rights Act of 1964. This matter is before the court on defendant's Motion to Dismiss (Doc. 4) pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state claim upon which relief can be granted.

A court may not dismiss a cause of action for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the claimant can prove no set of facts supporting its claim which would entitle it to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). *See Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752, 753 (10th Cir.1991) ("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted).

In considering a Fed.R.Civ.P. 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the nonmovant. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir.1991); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983). "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513 (1st Cir.1988) (quoting *Sutliff, Inc. v. Donovan Companies*, 727 F.2d 648, 654 (7th Cir.1984)). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of leading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir.1989) quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986).

Defendant contends that plaintiff's claim is barred by his failure to file a timely charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff has since retained counsel, and, in response to defendant's motion, controverts the dates used by defendant to support its motion. Accordingly, plaintiff is granted leave to file an amended complaint to set forth his claims and allegations with more accuracy and specificity.

IT IS THEREFORE BY THE COURT ORDERED that defendant's Motion to Dismiss (Doc.4) is denied.

IT IS FURTHER ORDERED that plaintiff is granted leave to file an amended complaint to cure the deficiencies noted above within twenty-five days of this order.