Bryant v. Noether, et al.         CV-00-191-M    02/16/01
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE


Richard Bryant,
      Plaintiff

      v.                                    Civil No. 00-191-M
                                            Opinion No. 2001 DNH 036
Lauren Noether, in her
individual and official capacity,
Sheriff Stephen Hodges, in his
individual and official capacity,
Deputy Richard Batstone, in his
individual and official capacity,
Chief Michael McCarty, in his
individual and official capacity,
Sgt. Karen McCarty, in her
individual and official capacity,
Sgt. Brian Loanes, in his
individual and official capacity,
and New Beginnings,
      Defendants

                          **O R D E R**

      Richard Bryant brings suit under 42 U.S.C. § 1983 for

violations of his federal rights, and also asserts various state

law claims, against state actors involved in his arrest and

prosecution for domestic assault.  At issue here is plaintiff's

negligent hiring, training, and supervision claim against New

Beginnings, a women's crisis center.  This order resolves New

Beginnings' motion to dismiss for failure to state a claim

(document no. 5).  See Fed. R. Civ. P. 12(b)(6).

## Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

Although pleading requirements are minimal, they "are not tantamount to nonexistent requirements." Cooperman v. Individual, Inc., 171 F.3d 43, 47 (1st Cir. 1999) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)) (internal quotation marks omitted). At the least, the complaint must set forth facts as to each material element of the cause of action. Id.

2

## Relevant Background

Plaintiff is a Belmont, New Hampshire, police officer. His wife is employed as a corrections officer by the Belknap County Department of Corrections. On April 17, 1997, plaintiff and his wife argued in their home, during which some physical contact occurred. He wife subsequently obtained a domestic violence protective order (DVPO), with the help of a counselor from New Beginnings.

Based on the allegations contained in the petition for the DVPO, sworn to by his wife, plaintiff was arrested and charged with assault. He was reassigned to administrative duty by the police department, and was concerned that he might lose his job. The charges were later reduced, and plaintiff accepted an offer of compromise from the county attorney under which the charges were nol prossed (avoiding a criminal conviction) on condition that he attend marriage counseling.

## Discussion

Plaintiff claims in this case that New Beginnings breached a duty owed to him under New Hampshire common law, by negligently

3

hiring, training, and/or supervising the staff member who accompanied plaintiff's wife to Laconia District Court and assisted her in completing the domestic violence petition. He further alleges that he suffered damages, because his arrest and prosecution were based on the information contained in the DVPO.

The tort of negligent hiring, training, and supervision, recognized in New Hampshire through adoption of the Restatement (Second) of Agency § 213, imposes direct liability on an employer for actions of an employee, regardless of the employee's liability. See Cutter v. Town of Farmington, 126 N.H. 836, 840 (1985). It can be based on employer conduct such as giving misleading, incomplete, or otherwise improper instructions to employees, or using an employee known to be dangerous. See Restatement (Second) of Agency § 213 cmts. c and d. Liability "exists only if all the requirements for an action of tort for negligence exist." Restatement (Second) of Agency § 213 cmt. a. But, this cause of action differs from respondeat superior, a claim not asserted, which imposes vicarious liability on an employer based upon an employee's liability. See Cutter, 126 N.H. at 840. A negligent hiring cause of action does not arise,

4

however, "merely because the one employed is incompetent, vicious, or careless." Id. cmt. d. An employer is liable if, "under the circumstances, the employer has not taken the care which a prudent man would take in selecting the person for the business at hand," id. cmt. d, or in providing instructions. Id. cmt. c.

Failure to take requisite care in selecting an employee, or in providing instructions, would constitute a breach of a duty owed by an employer to foreseeable third parties. Accordingly, a material element of this cause of action requires that "the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment." Id. cmt. d. In other words, to state a claim, the complaint must allege facts that, if true, would establish that the defendant employer knew, or should have known, the employee presented a risk to third parties. See Cooperman v. Individual, Inc., 171 F.3d 43, 47 (1st Cir. 1999) ("plaintiff must set forth factual allegations, either

5

direct or inferential, respecting each material element"
(internal citation and quotation marks omitted)).[1]

Plaintiff alleges that the New Beginnings counselor "coaxed
[his] wife into 'making it [(the fight)] sound worse than it was'
to ensure that she would get the order granted." Complaint ¶ 32.
He also states that "[t]he New Beginnings employee suggested and
coaxed the plaintiff's wife into exaggerating the truth to get a
DVPO." Id. ¶ 78. But, there are no allegations that New
Beginnings knew, or should have known, that its counselor would
encourage a victim of domestic violence to make materially false
statements in a petition for a DVPO, and not facts which would
support such an assertion. Nor are there any allegations in the
complaint that New Beginnings gave its counselor misleading,
incomplete, or otherwise improper instructions. Plaintiff's
general and conclusory allegations that New Beginnings was
"negligent" and "failed" to properly hire, train, and/or
supervise the unidentified counselor, see Complaint ¶¶ 77, 79-81,

---

[1]Restatement (Second) of Torts § 317 also subjects an
employer to liability for actions of an employee conducted
outside the scope of employment; however, the same knowledge
requirement exists under that theory. See Restatement (Second)
of Torts § 317 cmt. a.

6

are not supported by any factual assertions.  See Cooperman, 171 F.3d at 47-48 (discussing difference between facts and conclusions).

Even if plaintiff were able to prove the counselor encouraged his wife to be untruthful on her petition for a DVPO, and that his wife did materially misstate facts, plaintiff still could not recover from New Beginnings under the direct liability theory of negligent hiring, training, and supervision, because he has not alleged any facts capable of supporting a finding that New Beginnings, as opposed to the counselor, breached a duty of care owed to plaintiff.

## Conclusion

Accordingly, plaintiff has failed to state a claim upon which relief may be granted.  New Beginning's motion to dismiss (document no. 5) is granted, without prejudice.

7

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 16, 2001

cc:  Richard Bryant
     Jeffrey A. Runge, Esq.
     John A. Curran, Esq.
     Donald E. Gardner, Esq.
     Gary M. Burt, Esq.