**Norberto NIEVES ROMAN, Plaintiff(s)**

v.

**Commonwealth of PUERTO RICO, et al, Defendant(s).**

**No. CIV.03–1624 (JAG).**

United States District Court, D. Puerto Rico.

Sept. 23, 2004.

Julio E. Gil–de–la–Madrid, Bayamon, PR, for Plaintiff.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On June 4, 2003, plaintiffs Norberto Nieves Roman (hereinafter Nieves Roman), Paula Rodriguez, and Emanuel Nieves Rodriguez filed an action for damages for violation of the Eighth and Fourteenth Amendments of the United States Constitution. (Docket No. 1) On October 23, 2003, defendants Carlos Rodriguez, Hipolito Pagan Gil Rodriguez, Rafael Lopez, Evaristo Cruz, Roberto Del Valle, Luis Diaz, Frank Rivera and Ivette Castro, Victor Rivera Gonzalez, Miguel Pereira Castillo, Rosanie Delgado, Aracelis Acosta, Maria Diaz Soto, Luis Maldonado, Daniel Baez, in their official capacity only, filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) or stay under the Colorado River Abstention Doctrine (Docket No. 14). Plaintiffs timely opposed the motion (Docket No. 19). In addition, plaintiffs subsequently filed a motion to inform that defendants' request for stay under the Colorado River Abstention Doctrine was moot (Docket No. 28). Defendants never replied to said motion.

For the reasons discussed below, the Court **GRANTS** defendants' motion to dismiss the claims in their official capacity, **DENIES** defendants' request for qualified immunity, and finds that defendants request for a stay under the Colorado River Abstention Doctrine is **MOOT.**

## FACTUAL BACKGROUND[1]

On November 17, 2001, plaintiff Nieves Roman was sentenced to a ten year term of incarceration. Pursuant to the guidelines of the Corrections Department (Administración de Correción), Nieves Roman was classified as a minimum risk upon arriving at the prison. Five months after his incarceration, Nieves Roman was reclassified as medium security. Six months later, Nieves Roman was again evaluated and found to be a minimum risk, but was once more reclassified as medium security. On April 23, 2003, a search of Nieves Roman's cell and surrounding areas was conducted and allegedly a cell phone was found. Nieves Roman was subsequently reclassified as maximum security. Nieves Roman subsequently brought this action, with co-plaintiffs his wife and son, for violation of the Eighth and Fourteenth Amendments.

## DISCUSSION

### A. *Motion to Dismiss Standard*

■ Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

---

1. The facts are taken from the complaint (Docket No. 1).

*See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

**B.** *Eleventh Amendment Immunity*

Plaintiffs do not oppose defendants' request for dismissal of their official capacity claims. Therefore, this Court deems that it is not necessary to consider the arguments presented, and will dismiss the claims against defendants in their official capacity.

**C.** *Qualified Immunity*

 Defendants filed their motion to dismiss *in their official capacity only.* As such, they are not entitled to qualified immunity, which operates only as to claims *in their personal capacity.* Therefore, this Court will not entertain defendants' qualified immunity arguments as they are inapplicable.

**D.** *Colorado River Abstention Doctrine*

 Plaintiffs informed this Court that, on January 26, 2004, the Puerto Rico Court of Appeals denied a reconsideration of that Court's December 19, 2003 opinion that decided the appeal against the administrative procedure that reclassified plaintiff Nieves Roman to maximum custody. The denial was not appealed to the Puerto Rico Supreme Court, and has therefore become final. In light of the circumstances, it is clear that the request for a stay under the Colorado River Abstention Doctrine is now moot.

### CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** defendants motion to dismiss the claims in their official capacity due to Eleventh Amendment immunity, **DENIES** defendants request for qualified immunity as it is inapplicable, and finds that defendants request for a stay under the Colorado River Abstention Doctrine is **MOOT** (Docket No. 14). Judgment shall issue accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23nd day of September, 2004.