**Gilberto SANTA ROSA,
et. al., Plaintiffs**

v.

**COMBO RECORDS, et.
al., Defendants.**

Civil No. 04–1405 (JAG).

United States District Court,
D. Puerto Rico.

June 28, 2005.

Roberto Sueiro–Del–Valle, Roberto Sueiro del Valle LLM, San Juan, PR, for Plaintiffs.

Juan H. Saavedra–Castro, Juan H. Saavedra Castro Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On May, 2004, Plaintiffs Gilberto Santa Rosa ("Santa Rosa"), his wife Nelida Acevedo Rivera, and the conjugal partnership constituted between them,[1] filed a complaint against Combo Records Inc. ("Combo Records"), Ralph Cartagena, and their insurance companies, collectively Defendants, alleging that Combo Records has failed to pay Santa Rosa the royalties due to him under their contract or in the alternative, pursuant to the Copyright Act, 17 U.S.C. §§ 101–1101 (Docket Nos. 1, 13). Santa Rosa also alleges that Combo Records has violated the Lanham Act (43a), 15 U.S.C. § 1125, by omitting Santa Rosa's name from their recordings (Docket Nos. 1, 13). Santa Rosa requests that this Court rescind his contract with Combo Records; enjoin Combo Records from fur-

ther use of their collaborative recordings; grant Santa Rosa a Declaratory Judgment of Ownership of Recordings under the Copyright Act; and award him damages for Combo Records' breach of contract, unjust enrichment, and violation of the Lanham Act. On October 18, 2004, defendants moved to dismiss Santa Rosa's Amended Complaint (Docket No. 14). For the reasons discussed below, the Court hereby **GRANTS** defendants' Motion to Dismiss.

## FACTUAL BACKGROUND[2]

Santa Rosa, a salsa singer, claims that he entered into a contract with Combo Records for four recordings. There seems to be some confusion, however, as to the contract's date since at different points in his Complaint, Santa Rosa claims it was signed in 1978, 1984, and 1986. Santa Rosa does not have a record of this contract and does not remember its specific details. The contract allegedly stipulated that Combo Records would pay Santa Rosa royalties on any albums that Combo Records sold which contained Santa Rosa's recordings.

Santa Rosa claims that Combo Records has since sold an unknown number of these records, but that apart from a few small advance payment checks, Combo Records has not paid him any royalties. Santa Rosa also asserts that because Combo Records has not responded to his numerous requests for information on the contract, he now believes that it may never have existed but that Combo Records is still liable under the Copyright and Lanham Acts and under a theory of unjust enrichment.

---

1. Following their recent divorce, Plaintiffs changed this Partnership to "The Community Property Owned by Both" in their Amended Complaint (Docket No. 13).

2. The facts are taken from the Complaint and Amended Complaint (Docket Nos. 1, 13).

Arguing that Santa Rosa's breach of contract and Copyright claims are time-barred, and that the Lanham Act is inapplicable in this case, Combo Records requests that the Court dismiss all of Santa Rosa's causes of action for failure to state a claim upon which relief may be granted.

## DISCUSSION

### A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. *Request for Recision of Contract*

■ It is well established that forming a contract requires the "manifestation of mutual assent" by the parties to the agreement. *Bourque v. Fed. Deposit Ins. Corp.,* 42 F.3d 704, 708 (1st Cir.1994)(*citing* RESTATEMENT (SECOND) OF CONTRACTS § 17 (1981)). Typically this assent is written, but a Court may find that an agreement is enforceable even absent a written instrument if the parties' assent was clearly expressed through an offer and acceptance. *Ysiem Corp. v. Commercial Net Lease Realty, Inc.,* 328 F.3d 20, 23 (1st

Cir.2003). In certain circumstances, the parties' conduct may also result in a contract implied in fact, as opposed to an express contract, which is formed by words. *Marrero–Garcia v. Irizarry,* 33 F.3d 117, 121 n. 5 (1st Cir.1994)(*citing* A.E. Allen Farnsworth, *Contracts* § 3.10, at 135 (2d ed.1990)).

■ The Court cannot determine if a contract was formed in Santa Rosa's case, given the dearth of facts on the parties' intent and conduct at the relevant time; even the timing is unclear. Santa Rosa does not remember what the contract contained, and lacks any proof of its formation from witnesses or a record of the instrument. He has even stated that he believes that the contract probably never existed, but nonetheless reserved the request for its recision. Because this Court cannot find an express or an implied contract without any facts, nor any sort of enforceable promise, the Court will not address Santa Rosa's claim of breach of nor grant his request to rescind the contract. These claims must be dismissed.

### C. *Copyright Act Claims*

#### 1. *Non–Payment of Royalties; Declaratory Judgment of Ownership*

■ Section 301 of Copyright Act preempts a state cause of action if it is substantially similar to, or when the interest it seeks to protect is identical to one controlled by the federal law. *Alvarez Guedes v. Marcano Martinez,* 131 F.Supp.2d 272, 279–280 (D.P.R.2001); *Data Gen. Corp. v. Grumman Systems Support Corp.,* 36 F.3d 1147, 1164–65 (1st Cir.1994). Santa Rosa's unjust enrichment claim, a state law cause of action which alleges that Combo Records profited from the non-payment of royalties, addresses conduct governed by federal law and thus falls under Copyright Law. *Essex Music, Inc. v. ABKCO Music & Records, Inc.,* 743

F.Supp. 237, 242 (S.D.N.Y.1990). Both Santa Rosa's non-payment of royalties claim and his request for declaratory judgment of ownership are, thus, subject to the Copyright Act's three year Statute of Limitations, 17 U.S.C. § 507, which period begins to accrue when a reasonably diligent person "knows or has reason to know of the injury upon which the claim is premised." *Stone v. Williams,* 970 F.2d 1043, 1048 (2nd Cir.1992).

Even when examining the facts in the light most favorable to him, the Court finds that Santa Rosa has not satisfactorily explained why he was not put on notice by an allegedly near-total lack of payments from Combo Records spanning approximately two decades. Santa Rosa claims that he asked Combo Records for information on their recordings on "numerous" occasions and that Combo Records' non-compliant response to his efforts finally put him on notice that he might have a claim against Combo Records. However, Santa Rosa's pleadings did not include the number of times, the details, and the dates of these occurrences.

Santa Rosa's contention, that in the twenty or so years since recording with Combo Records he was never alerted to a cause of action until Combo refused to disclose its records, is both implausible and vague. Santa Rosa did not state any facts that explain his decades-long absence of concern and still support a finding that he was reasonably diligent in protecting his interests. Additionally, Santa Rosa's repeated failure to clarify his claims and give any specific dates and details that could permit a finding that his causes of action

were not time barred suggest that he does not have any such facts and that the limitations period accrued a long time ago.

Therefore, this Court finds that Santa Rosa's actions under the Copyright Act, including declaratory judgment on ownership of recordings and damages for non-payment of royalties, are time-barred.[3]

### D.  *Lanham Act Violation*

■ The Lanham Act addresses trademark infringement. Accordingly, its language should be interpreted in the narrow context of trademark infringement only, and not in the context of infringement of communicative products,[4] which are covered by the Copyright Act. *Dastar Corp. v. Twentieth Century Fox Film,* 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003). The Lanham Act's reference to products' "origins" in § 43 is therefore understood as referring to "the producer of the tangible product sold in the marketplace ... [and is] *incapable of connoting the person or entity that originated the idea ... that the good embodies.*" *Dastar,* 539 U.S. at 31–32, 123 S.Ct. 2041 (emphasis added). Any other understanding of the Lanham Act is in disaccord with its purpose and with precedent, and conflicts with copyright law, which directly addresses those issues. *Id.* at 32.

In this case, Santa Rosa accuses Combo Records of violating the Lanham Act by falsely designating the origin of their joint recordings. This claim reflects a misunderstanding of the Lanham Act's applicability and the Courts' use of "origins". Santa Rosa has to rely on the laws de-

---

**3.** In support for his analysis of why Puerto Rican Law did not apply to his case, Santa Rosa also stated that Combo Records was using his image without properly compensating him. Because Santa Rosa did not assert this as a separate cause of action, but rather as a fact, we do not address it further.

**4.** Communicative products are products in which the "idea" being communicated (such as a poem or song) is of primary value to the purchaser, as opposed to the tangible good (such as the book containing the poem or compact disc containing the song). *Dastar,* 539 U.S. at 33, 123 S.Ct. 2041.

signed to address his concerns as the inventor and not producer or manufacturer of a product to make his claim against Combo Records; in this case, the Copyright Act and not the Lanham Act.

## CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** defendants' motion to dismiss. Plaintiffs' claims are hereby dismissed **with prejudice.** Judgment shall enter accordingly.

IT IS SO ORDERED.