**Samuel Maldonado MALDONADO, et al Plaintiff(s)**

**v.**

**CROWLEY TOWING & TRANSPORTATION CO., et al Defendant(s)**

**No. CIV.01–1418 JAG.**

United States District Court,
D. Puerto Rico.

Dec. 26, 2001.

Jose R. Franco–Rivera, San Juan, PR, for Plaintiff.

Raquel M. Dulzaides, Carlos E. George–Iguina, Jimenez, Graffam & Lausell, San Juan, PR, Jose E. Carreras–Rovira, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On November 20, 2001, the Court ordered the parties to file briefs on the effect, if any, on this case of a November 14, 2000 Opinion and Order previously entered by this Court (Judge Gierbolini, presiding) (Docket No. 15.) In its order, the Court expressed its view that the plaintiffs' claims appeared to be barred by the doctrine of *res judicata.* Defendants[1] have filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Plaintiffs[2] have not filed an opposition. The Court finds that the plaintiffs' claims are barred by the doctrine of *res judicata* and by the applicable statute of limitations.

## FACTUAL BACKGROUND

On April 6, 2001, defendants filed a Joint Notice of Removal before this Court, seeking to remove the Complaint plaintiffs filed against them in Puerto Rico Superior Court on February 28, 2001. (Docket No. 1). The Complaint alleged that the Court has jurisdiction over plaintiffs' claims under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Plaintiffs claimed the classic "hybrid claim" under § 301—namely, a violation by Crowley of a Collective Bargaining Agreement ("CBA"), and a violation by the Union of its duty to provide fair representation. In brief, plaintiffs claimed that they were laid off during the alleged closing of operations of two of defendants' companies in Puerto Rico. They further claimed that on the date they were discharged, they were all forty years or older, and that their positions were taken over by employees who were recruited shortly thereafter, all in violation of the CBA. As for the Union, plaintiffs claimed that it did not negotiate in good faith or represent their interests faithfully.

On November 13, 2000, Judge Gierbolini issued an Opinion and Order in *Samuel Maldonado Maldonado, et als. v. Crowley Towing & Transportation Co., et als.,* Case No. 99–1146(GG). The Court dismissed all of plaintiffs' claims under the NLRA with prejudice. The Court first held that the National Labor Relations Board was the exclusive forum for plaintiffs' claims.[3] *See* Opinion and Order at 17. Moreover, the Court noted that defendants had presented evidence that on August 26, 1997, plaintiffs filed an unfair labor practice claim under § 805 of the NLRA, and that the NLRB had dismissed the charges on November 26, 1997. *Id.* at 17–18. The Court concluded that "[t]here is no mention in the complaint of any specific acts by the defendants that would suggest that they bargained unfairly and thus violated section 8(a)(5) of the NLRA." *Id.*

## DISCUSSION

When deciding a motion to dismiss, the Court must accept as true all well-pleaded

---

1. Defendants are Crowley Towing & Transportation Co., Crowley Marines Services, Inc., Crowley American Transport, Inc., Crowley Environmental Services, Inc., Crowley Maritime Corporation, and Union Tronquista de Puerto Rico, Local 901. The Court will refer to them collectively as "defendants."

2. Plaintiffs are Samuel Maldonando Maldonado, Melissa Maldonado Lopez, David Marchany Navarro, Ivonne Rivera Gonzalez, the Conjugal Partnership between Marchany Navarro and Rivera Gonzalez, Juan Rivera Olavarria, Jose Vazquez Pedrosa, Carmen Lopez Quiñones and the Conjugal Partnership between Vazquez Pedrosa and Lopez Quiñones. The Court will refer to them collectively as "plaintiffs."

3. Defendants contend that the plaintiffs filed their claims before the NLRB, and that the NLRB dismissed them. Docket No. 18, Memorandum in Support, at 3.

factual claims, and indulge all reasonable inferences in plaintiff's favor. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir., 1996); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). Dismissal is appropriate only when the facts alleged, taken as true, do not justify recovery for plaintiff under any theory. Fed.R.Civ.P. 12(b)(6). Thus, in order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). Although all inference must be made in plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson*, 83 F.3d at 3.

## A. Res Judicata

■ Defendants argue that plaintiffs' claims are barred by the doctrine of *res judicata*. A claim is precluded under that doctrine when three factors are present: (1) a final judgment on the merits in an earlier action; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two suits. *Bay State HMO Management Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 177 (1st Cir.1999); *Apparel Art. Int'l, Inc. v. Amertex Enters., Ltd.*, 48 F.3d 576, 583 (1st Cir.1995).

Here, the plaintiffs' Complaint is premised on facts that they claimed, or reasonably could—and should—have claimed, in the earlier litigation, *Maldonado, et al. v. Crowley Towing and Transportation, Inc.*, 99–1146(GG). The plaintiffs neither sought reconsideration nor appealed the Court's November 13, 2000 Opinion and Order. Accordingly, plaintiffs are precluded from relitigating any claims seeking damages for violations to the NLRA or any hybrid claim under § 301 of the LMRA for violations to the Collective Bargaining Agreement.

## B. Statute of Limitations

■ Alternatively, the plaintiffs' claims are barred by the six-month statute of limitations applicable to hybrid claims under § 301 of the LMRA. *See, e.g., DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Demars v. General Dynamics Corp.*, 779 F.2d 95, 97 (1st Cir. 1985). Leaving aside the *res judicata* issue, the plaintiffs, who claim they were illegally laid off in February, 1997, did not file this claim until February, 2001. Plaintiffs have not proffered a valid explanation to warrant the tolling of the applicable limitations period, and, even taking the Complaint's allegations as true, the Court can find none. As a result, plaintiffs' hybrid claims under § 301 must be dismissed under this alternative ground.

We need go no further. It has been apparent for some time that plaintiffs have lost interest in pursuing this case. *See* Docket No. 15 (Court November 13, 2001 order noting plaintiffs' non-compliance with an earlier order and advising that "[t]his is the second Court order in recent months that plaintiffs have either violated or disregarded"). Their lack of interest could not be more obvious here, given their failure to file an opposition to defendants' latest motion. The Court has provided plaintiffs ample opportunity to come forward. In light of the plaintiffs' apathy, and, more importantly, the Court's November 13, 2000 Opinion and Order, the Court is persuaded that the claims brought by plaintiffs may not be raised again. Their claims are therefore dismissed.

## CONCLUSION

For the foregoing reasons, the Court dismisses plaintiffs' federal claims with

prejudice. The Court dismisses plaintiffs' state law claims without prejudice. Judgment will enter accordingly.

IT IS SO ORDERED.