**Ivan TOLEDO, Plaintiff,**

v.

**PUERTO RICO LABOR AND HUMAN RESOURCES DEPT., et al, Defendants.**

**No. CIV. 01–1787(JAG).**

United States District Court, D. Puerto Rico.

April 29, 2002.

Ivan Toldeo, San Juan, PR, Pro se.

Rafael Yulian-Pomar, San Juan, PR, for Plaintiff.

Salvador J. Antonetti–Stutts, Carlos M. Aquino–Ramos, Marie Ceferina Javier–Villegas, Commonwealth Dept. of Justice, Fed. Litigation Div., San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

On June 13, 2001, plaintiff Ivan Toledo ("Toledo") filed a *pro se in pauperis* complaint seeking injunctive and compensatory relief under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., Freedom of Information Act, 5 U.S.C. § 552, and supplemental state claims (Docket No. 1). On November 30, 2001, defendants Puerto Rico Labor and Human Resources Dept. ("LHRD"), Victor Rivera, Secretary of the LHRD ("Rivera"), the Puerto Rico Vocational Rehabilitation Administration ("VRA"), María Rosa Iturregui González, administrator of the VRA ("Iturregui"), and Gilda Dacosta, counselor for the VRA ("Dacosta"), moved for dismissal of the complaint pursuant to Fed. R.Civ.P. Rule 12(b)(6) alleging that Toledo failed to state a claim upon which relief can be granted (Docket No. 15). Defendants' motion stands unopposed. For the reasons discussed below, defendants' motion is GRANTED.

1. Alejandro J. Cepeda–Díaz, a second year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

## FACTUAL BACKGROUND[2]

On June 11, 2001, Toledo visited the VRA office located within the University of Puerto Rico's Río Piedras Campus with the purpose of requesting that his tuition costs for the summer term of 2001 be paid for by that office. Toledo asked to speak with his Counselor, Dalila Luyanda, but was informed that she was on vacation. He spoke with Maria Cambrelem instead. Mrs. Cambrelem presented Toledo with a copy of a letter signed by Iturregui which stated the requirements that, according to the Individualized Rehabilitation Plan, an individual would have to meet in order to qualify for the service during the summer term of 2001. Apparently, the service requested by Toledo was only available to students graduating on December 2001 or May 2002. When he asked Mrs. Cambrelem about the reasons for such requirements, Toledo was referred to Dacosta. Dacosta informed Toledo that he did not qualify for the service inasmuch as he was not a candidate for graduation on December 2001 or May 2002 and that he would have to assume the tuition costs. Toledo requested a copy of Iturregui's letter. Dacosta twice refused to provide Toledo with a copy of the letter, but he was allowed to read it and take notes of it. Dacosta informed Toledo that he should request a written explanation of the action taken from Mrs. Cambrelem.

After leaving the VRA office, Toledo met his girlfriend, Mara Palacios, and told her of the situation. She informed Toledo that since she would be graduating on May 2002, the VRA would pay for one of her courses but she would have to assume the rest of her tuition. Toledo was forced to withdraw from one of his courses, inasmuch as he did not have sufficient funds. Toledo was forced to pay $135.00 for the other.

**2.** The facts are taken from the Complaint.

## DISCUSSION

### A. *Motion to Dismiss Standard.*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs' favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.,* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. *ADA Claims.*

Defendants argue that Toledo has not alleged sufficient facts to state a cause of action under ADA. The Court finds it unnecessary to enter into that argument. In relation to the offering of public services by public entities, ADA provides that

"no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A qualified individual with a disability is defined in the Act as,

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131. Although the complaint fails to specify the nature of Toledo's disability, we must assume that he is an individual with a disability. The statute also requires, however, that the individual meet the essential eligibility requirements of the program or service. Here, Toledo did not meet the program's eligibility requirements, inasmuch as he was not a candidate for graduation in December 2001 or May 2002. Toledo admits in the complaint that his girlfriend, Ms. Palacios, was granted partial tuition payment for the summer term. Ms. Palacios, however, was a candidate for graduation.

Accordingly, Toledo's ADA claims must be dismissed, inasmuch as he is not covered by the statute. Having dismissed Toledo's ADA claim, the Court need not discuss defendants' Eleventh Amendment arguments.

### C.  Claims under the Rehabilitation Act.

■ The Rehabilitation Act states that, [n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability,

be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. "An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap." *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979).

Once again, since Toledo is not a candidate for graduation, he does not meet all of the program's requirements. Therefore, Toledo's claims under the Rehabilitation Act must also be dismissed.

### D.  Claims under the Freedom of Information Act.

■ The Freedom of Information Act provides for Federal Agencies to make available to the public certain regulations and documents if so requested. The term " 'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). "[T]he [Freedom of Information Act] and the Privacy Act apply only to 'agencies' as that term is defined under 5 U.S.C. s 551(1) ... Under these definitions, 'agency' does not encompass state agencies or bodies." *St. Michael's Convalescent Hospital v. State of Cal.*, 643 F.2d 1369, 1373 (C.A.Cal.1981).

Toledo's claims under the Freedom of Information Act must be dismissed, inasmuch as it does not apply to state agencies.

*E. Toledo's §§ 1983 and 1985 Claims.*

Sections 1983 and 1985 of the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, do not create rights. Rather, §§ 1983 and 1985 provide a cause of action to vindicate rights granted by other statutes or by the Constitution. *See Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 671 n. 50, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). "To begin with, there must have been a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985). Inasmuch as the Court has already determined that Toledo does not have a valid claim under either of the aforementioned statutes, there are no rights which could be vindicated through § 1983. Toledo's § 1983 claims must be dismissed.

Furthermore, "[u]nder § 1985(3), a plaintiff must file a detailed factual pleading to survive a motion to dismiss." *Mendez v. Belton,* 739 F.2d 15, 19 (1st Cir. 1984). Toledo has failed to proffer sufficient evidence of a conspiracy as required for a claim under § 1985(3).

> In order to avoid [interpreting § 1985(3) as a general federal tort law], the Court construed the statute to require, as an element of the cause of action, a showing of some invidiously discriminatory motivation. "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action."

*Bricker v. Crane,* 468 F.2d 1228, 1232 (1st Cir.1972) *(citing Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). Lacking sufficient evidence of a conspiracy, Toledo's § 1985 claims must also be dismissed.

*F. Supplemental State Claims.*

Supplemental state claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3), since no federal claims to ground jurisdiction remain in this case.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Toledo's ADA, Rehabilitation Act, Freedom of Information Act, §§ 1983 and 1985, as well as supplemental state claims are dismissed.

IT IS SO ORDERED.