**FE–RI CONSTRUCTION,
INC., Plaintiff,**

v.

**INTELLIGROUP, INC.; Intelligroup,
Inc., d/b/a Empower Solutions,
Defendant.**

No. CIV. 01–1661(JAG).

United States District Court,
D. Puerto Rico.

July 30, 2002.

Stuart A. Weinstein–Bacal, Edgar A. Lee–Navas, Weinstein–Bacal & Associates, PSC, San Juan, PR, for plaintiff.

Edgardo Cartagena–Santiago, Goldman Antonetti & Cordova, San Juan, PR, for defendant.

## OPINION AND ORDER[1]

GARCIA–GREGORY, District Judge.

On May 21, 2001, plaintiff Fe–Ri Construction, Inc. ("Fe–Ri") brought suit against defendant Intelligroup, Inc. ("Intelligroup") for collection of monies. Fe–Ri maintains it entered into a construction contract with Intelligroup that has been materially breached for failing to pay the owed amount. While Intelligroup does not contest the debt, they claim that Fe–Ri cannot bring suit before engaging in alternative dispute resolution. Pending before the Court is Intelligroup's Motion to Dismiss or, alternatively, to stay the proceedings pending mediation or arbitration. For the reasons stated below, the Court GRANTS Intelligroup's Motion to Dismiss.

### FACTUAL BACKGROUND

On July 31, 2000, Fe–Ri and Intelligroup entered into a contract to build Intelligroup's facilities in Puerto Rico. (Docket No. 1 at 2.) The cost of construction was estimated at $1,151,559.00. (*Id.*) On December 21, 2000, Fe–Ri had substantially completed the contract. (*Id.*) Fe–Ri submitted 7 invoices to Intelligroup, 4 of which remain outstanding. (*Id.*)

Fe–Ri claims it is proper to bring this suit for there was a material breach of the contract. (Docket No. 15 at 5.) Intelligroup maintains that, under the terms of the contract, Fe–Ri cannot bring suit be-

---

**1.** Laura M. Crumley, a third year student at the University of Illinois College of Law, as- sisted in the research and preparation of this opinion.

fore subjecting the claim to alternative dispute resolution. (Docket No. 10 at 2.)

## DISCUSSION

### A. *Motion to Dismiss Standard*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of her claim which would entitle her to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiff is responsible for putting her best foot forward in an effort to present a legal theory that will support her claim. *Id.* at 23 (citing *Correa–Martinez,* 903 F.2d at 52). Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. *Fe–Ri's Claims*

█ The parties do not contest that there is a debt. The only dispute in this case is whether the parties have to undergo mediation or arbitration before bringing suit under the terms of the contract. It is well established that, under Puerto Rico law, the terms of the contract are binding on both parties as long as they are not against the law, morals, or public order. *See Unisys P.R. v. Ramallo Bros. Printing,* 128 D.P.R. 842, 851–52, 1991 WL 735351 (1991), *citing* 31 L.P.R.A. § 3471, [28 P.R. Offic. Trans. 842, —— (1991)]. In addition, "[w]hen the terms of a contract, its conditions and exclusions, are clear and specific, and leave no room for ambiguity or for diverse interpretations, they should thus be applied." *Id.* at 852, 1991 WL 735350.

Here, Fe–Ri and Intelligroup entered into a valid construction contract. *See* Docket No. 1, Exhibit 1 at 7. The contract, labeled A101–1997 ("A101"), adopts document A201–1997 ("A201") by reference. *See id.* at 1. Section 4.3 of A201 defines a claim as "a demand or assertion by one of the parties seeking, as a matter of right ... payment of money ... with respect to the terms of the contract." *See* Docket No. 10, Tab A at 20. Upon completion of the construction, Intelligroup was to pay Fe–Ri $1,151,559.00. (Docket No. 1 at 2.) Since Intelligroup has not paid the amount of money owed Fe–Ri under the contract, this is a claim seeking payment of money in accordance to the contract's terms and conditions. Intelligroup maintains that to resolve this dispute it is necessary to mediate or arbitrate before filing suit in court.

Document A201 contains a clause requiring the parties to go through arbitration before bringing suit. *See* Docket No. 10, Tab A at 21. Clause 4.4.1 of A201 expressly states that any claims, except for those pertaining to hazardous materials, "shall be referred initially to the Architect for decision." *Id.* The Architect's decision is a "condition precedent to mediation, arbitration *or litigation.*" *Id.* (emphasis added). Fe–Ri has not submitted or made reference to any evidence that it initially submitted its claim to the Architect. In addition, only after submitting the claim to the Architect and awaiting his or her deci-

sion for a specified period of time, can Fe–Ri, under the terms of the contract, mediate its claim. *Id.* at 22. Following mediation, the parties may choose to arbitrate, although a claim for arbitration may be filed concurrently with the request to mediate. *Id.* In view of these clauses, Intelligroup is correct in claiming that mediation or arbitration of the claim must precede a lawsuit. (Docket No. 10 at 2.)

Fe–Ri, however, maintains that the lawsuit is not a "claim" under the contract and that it is not obligated to arbitrate with Intelligroup. (Docket No. 3.) Fe–Ri misconstrues the terms of the contract. Insofar as the definition of "claim" goes, Fe–Ri did not substantiate its argument. Furthermore, the definition of claim, as stated above, is the definition in the contract. *See* Docket No. 10, Tab A at 20. A claim for the payment of money is precisely what the contract definition of claim describes. *Id.*

Fe–Ri also contends that it is not required to arbitrate. In Intelligroup's words, "Fe-ri cannot avoid arbitration by merely alleging a breach of contract." (Docket No. 20 at 4.) The terms of the contract are binding on both parties if they are not, as mentioned above, against the law, morals, or public order. *See Unisys,* 128 D.P.R. at 851–52. The requirement for arbitration is thus valid. Additionally, the cases Fe–Ri cites in support of its contention are different from this one, as they involve option clauses. *See Alliant Techsystems, Inc. v. United States,* 178 F.3d 1260 (Fed.Cir.1999) and *In Re Boston Shipyard Corp.,* 886 F.2d 451 (1st Cir. 1989). While the court in those cases found the contracts' clauses unenforceable, this case is different, for those cases did not involve arbitration clauses as the one here does. Hence, it is proper to grant Intelligroup's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Intelligroup's motion to dismiss. In light of the parties' agreement to arbitrate, the suit is dismissed without prejudice. The suit may be re-filed after the parties go through the procedures prescribed by the contract.

IT IS SO ORDERED.