**Manuel F. EGIPCIACO RUIZ,
et al., Plaintiff(s),**

v.

**R & G FINANCIAL CORPORATION,
et al., Defendant(s).**

**Civil No. 02–2829 (JAG).**

United States District Court,
D. Puerto Rico.

March 30, 2004.

Juan Manuel Suarez–Cobo, San Juan, PR, for Plaintiffs.

Sonia Alfaro, Quilichini, Oliver, Medina & Gorbea, San Juan, PR, for Defendants.

Norberto Medina–Zurinaga, Quilichini, Oliver, Medina & Gorbea, Ramon Luis Nieves–Perez, San Juan, PR, for Defendants/Third Party Plaintiff.

Harold D. Vicente–Colon, Vicente & Cuebas, San Juan, PR, for Third Party Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 19, 2002, Manuel F. Egipciaco Ruiz ("Egipciaco"), Betzaida Porrata Tirado ("Porrata"), and the conjugal partnership constituted between them (collectively "plaintiffs"), filed suit against R & G Mortgage Corp. ("R & G") alleging violations to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, as amended by the Home Ownership and Equity Protection Act ("HOEPA"), Pub.L. 103–325, Title I, §§ 151–158, Sept. 23, 1994, 108 Stat. 2190, and seeking rescission of the mortgage loan under TILA, 15 U.S.C. § 1635 (Docket No. 1). On July 2, 2003, R & G moved for dismissal of plaintiffs' complaint for failure to state a claim for which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 10). On August 18, 2003, plaintiffs opposed this motion (Docket No. 18). For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part R & G's motion to dismiss.

## FACTUAL BACKGROUND[1]

On December 20, 1999, plaintiffs and Continental Mortgage Corp. ("Continental")[2] entered into a loan transaction guaranteed by a mortgage on certain real estate. Continental is and was at all times material to this complaint a corporation engaged in the business of providing consumer loans guaranteed with real estate in Puerto Rico and was a creditor for TILA purposes. The mortgage was arranged by a mortgage broker named or doing business as BGP home mortgage. The mortgage was and is secured by plaintiffs' principal residence.

Plaintiffs allege that Continental failed to include several charges as finance charges in the TILA disclosure given to them before consummation of the loan. Furthermore, they allege that Continental failed to deliver the additional disclosures required by HOEPA.

In 2000, R & G acquired the loan from Continental, becoming an assignee as defined in TILA. On November 21, 2002, plaintiffs sent notice to R & G that they wanted to rescind the loan and mortgage. R & G failed to act upon plaintiffs' notice of rescission.

## DISCUSSION

A. *Motion to Dismiss Standard.*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it

---

1. The facts are taken from the complaint (Docket No. 1).

2. On July 15 and August 5, 2003, R & G filed Third–Party Complaints against Continental and Armando Jimenez Seda respectively.

appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 *(citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. *R & G's motion to dismiss*

In its motion, R & G argues (1) that plaintiffs' claims for statutory and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1640(e) are time-barred; and (2) that, as assignee of the mortgage loan, it is not liable for any damages for its failure to the respond to the rescission notice.

TILA provides that

any creditor who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction ...;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court; and

(4) in the case of a failure to comply with any requirement under section 1639 of this title, an amount equal to the sum of all finance charges and fees paid by the consumer, unless the creditor demonstrates that the failure to comply is not material.

15 U.S.C. § 1640(a). "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

■ Plaintiffs are attempting to recover damages under § 1640 for two separate violations: (1) Continental's failure to make a full disclosure in accordance with TILA and HOEPA, and (2) R & G's failure to respond to plaintiffs' notice of rescission. The limitations period for the first violation began to run when the loan agreement was executed on December 20, 1999. Thus, the time period to file claims for Continental's disclosure violations ran out on December 20, 2000. Therefore, those claims are time-barred and must be dismissed.

■ The time period to file the claims for the failure to respond to the rescission notice, however, began to run twenty days after plaintiffs sent the notice; that is on

December 11, 2002. This complaint was filed on December 19, 2002. Thus, the claims for these violations were filed well within the one-year statute of limitations and R & G's motion must be denied as to those claims at this time.

R & G's second argument is that, as Continental's assignee, it cannot be held liable for failing to respond to plaintiffs' notice of rescission. In support of its contention, it relies upon the language of § 1640, which states that the cause of action will lie against a creditor, and § 1602's definition of a creditor. Specifically, R & G argues that it does not comply with the definition that a creditor "is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness. . . ." 15 U.S.C. § 1602(f). Hence, because the statute only allows damages against the creditor, plaintiffs' only remedy from R & G is rescission and they are not entitled to recover for any monetary damages or attorney's fees in connection with its failure to respond to the rescission notice. R & G's argument, however, lacks merit.

 This Court is persuaded by the reasoning in *Fairbanks Capital Corp. v. Jenkins*, 225 F.Supp.2d 910 (N.D.Ill.2002), where the court held that "despite the use of the word 'creditor' in § 1640(a)'s introductory language, it is clear from § 1640 taken as a whole that Congress intended § 1640(a)'s remedies to apply to any creditor or assignee that violates TILA's provisions." *Id.* at 916. "[T]he text of § 1640(a) itself indicates that attorney's fees, at least, are available from an assignee, and not just from the originating creditor, for violating a consumer's right to rescind." *Id.* at 916–17. The court found it apparent from the language of § 1640(a)(3) that a remedy for costs and reasonable attorney's fees is available against an assignee.

Section 1640(a)(3) provides that "in the case of any successful action to enforce the foregoing liability *or in any action in which a person is determined to have a right of rescission under section 1635 of this title*, the costs of the action, together with a reasonable attorney's fee as determined by the court" is available.

*Id.* at 917 (*quoting* 15 U.S.C. § 1640(a)(3)) (emphasis in the original).

Therefore, this Court will interpret TILA as allowing recovery of attorney's fees and costs from an assignee in an action for rescission under 15 U.S.C. § 1635. The statute makes it clear, however, that the right to recover attorney's fees and costs is contingent upon the Court's finding that plaintiffs' are entitled to rescission. *See* 15 U.S.C. § 1640(a)(3).

If [plaintiffs] are correct in their assertion that they were entitled to rescind the instant transaction, then [defendant] is liable for statutory damages based on [plaintiffs'] timely claim that [defendant] wrongfully denied their request to rescind the transaction. [Plaintiffs'] entitlement to statutory damages under 15 U.S.C. § 1640 is, therefore, wholly dependent upon, and flows directly from, their entitlement to rescissory relief.

*Smith v. Fidelity Consumer Discount Co.*, 898 F.2d 896, 903 (3rd Cir.1990).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part R & G's motion to dismiss (Docket No. 10).

IT IS SO ORDERED.