Luis A. NIEVES CRUZ, et al. Plaintiff(s)

v.

**COMMONWEALTH of Puerto Rico, et al., Defendant(s).**

**No. CIV. 05–1064 JAG.**

United States District Court, D. Puerto Rico.

March 16, 2006.

Ramon L. Garay–Medina, Garay Medina Law Office, San Juan, PR, for Plaintiffs.

Ana M. Margarida–Julia, Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On January 21st, 2005, Plaintiffs filed a Complaint pursuant to 42 U.S.C. § 1981 and § 1983, claiming violations of their Fifth and Fourteenth Amendment rights. On March 24th, 2005, the Commonwealth of Puerto Rico, the Puerto Rico Police Department and Police Officer Modesto Guevarez–Garcia filed a Motion to Dismiss arguing, *inter alia*, that the Commonwealth and the Police Department are entitled to Eleventh Amendment Immunity, and that all claims against Guevarez–Garcia should be dismissed for failure to state a claim under 42 U.S.C. § 1983. For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.

## FACTUAL BACKGROUND [1]

On/or about January 25th, 2004, Plaintiffs were at a party in the neighborhood where they live, when several units of the Puerto Rico Police were deployed to the area due to drug trafficking activity. Plaintiffs allege that there were over 50 police officers in the area, some of whom wore masks and could not be identified. Colonel Jose R. Denis, Sergeant Eric Serrano, Puerto Rico Police Officer Guevarez–Garcia, and others presently unknown, directly supervised the Units deployed in the area.

During the aforementioned operation, various police officers allegedly assaulted the Plaintiffs, and spread pepper spray on their faces. One police officer allegedly hit Plaintiff Nieves–Burgos in the head, causing an open wound that had to be treated at a medical facility. While these events took place, Police Officer Javier Quiñónez

---

1. The Court takes the relevant facts from the Complaint (Docket No. 1).

allegedly prevented a Medical Emergencies team from providing medical assistance to the Plaintiffs.

Plaintiffs claim that they were injured by the pepper spray used by the police officers, and that they were deprived of their most elemental civil and constitutional rights due to the careless execution of the operation.

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

### A. *Eleventh Amendment Immunity*

■ Defendants argue that the Eleventh Amendment bars all monetary damages claims brought against them in their official capacity as state agents. Specifically, defendants claim that this bar operates because a suit against a state officer acting in his or her official capacity is not a suit against the officer, but is rather a suit against the State.

Plaintiffs counter that the present case was brought pursuant to 42 U.S.C. §§ 1983 and 1988 which, according to plaintiffs, provide citizens for damages and injunctive relief whenever state employees violate their constitutional rights under the Fourteenth Amendment. The Court disagrees.

■ The Eleventh Amendment bars suits against states for money damages unless the state has consented. *See Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority,* 991 F.2d 935, 938 (1st Cir.1993); *In re San Juan Dupont Plaza Hotel Fire Lit.,* 888 F.2d 940, 942 (1st Cir.1989); *Ramirez v. P.R. Fire Serv.,* 715 F.2d 694, 697 (1st Cir.1983).[2] Similarly, suits against state officials in their official capacity are deemed actions against the state, regardless of whether the state is a named party to the suit, since the real party in interest is the state and not the official. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116

---

**2.** The Eleventh Amendment provides that: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. Amend XI.

Puerto Rico is considered a state for Eleventh Amendment purposes. *See Bernier–Aponte v. Izquierdo–Encarnacion,* 196 F.Supp.2d 93, 98 (D.P.R.2002) (*citing Negron Gaztambide v. Hernandez Torres,* 145 F.3d 410 (1st Cir. 1998)).

L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Even when state officials act under color of state law pursuant to § 1983, the Eleventh Amendment bars monetary claims against them in their official capacity. *Id.* at 98–99, 109 S.Ct. 2304; *see also Kostka v. Hogg*, 560 F.2d 37 (1st Cir.1977).

Notwithstanding, there is a limited number of situations contemplated as exceptions to this sovereign immunity. *Febus–Rodríguez v. Betancourt–Lebrón*, 14 F.3d 87 (1994). *Alvarez Rosario v. Cartagena* 2005 WL 1949724, 2 (D.P.R.2005) In essence, a State can only be sued in Federal Court if: 1) it waives its immunity, 2) it consents to be sued, 3) if Congress overrides said immunity under Section 5 of the Fourteenth Amendment, or 4) other constitutional imperatives take precedence over the Eleventh Amendment's bar. *Id.* In the present case, none of these exceptions have been raised. Therefore, all monetary claims against individual defendants in their official capacity must be dismissed.

Likewise, the Police Department of the Commonwealth of Puerto Rico contends that it is a governmental instrumentality and, as such, an arm or *alter ego* of the Commonwealth of Puerto Rico. Therefore, the Police Department claims that the real party in interest would be the Commonwealth of Puerto Rico, which is protected by the Eleventh Amendment, and has not waived its immunity to be sued. The Court agrees.

Eleventh Amendment Immunity extends to arms or *"alter egos"* of the state. *Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp.*, 322 F.3d 56 (1st Cir.2003); *Bernier–Aponte v. Izquierdo–Encarnacion*, 196 F.Supp.2d 93, 98–99 (D.P.R.2002). It is settled law that the Puerto Rico Police Department is an *alter ego* of the state and cannot be sued in federal court. *Cestero v. Rosa*, 996 F.Supp. 133, 142–43 (D.P.R. 1998). *Sanchez Ramos v. Puerto Rico Police Dept.*, 392 F.Supp.2d 167, 177 (D.P.R.2005). The Department is therefore, immune from suits under the Eleventh Amendment.

In sum, absent a waiver, the Eleventh Amendment bars actions for money damages against the Commonwealth and/or an arm or *alter ego* of the Commonwealth. Thus, Plaintiffs' purported recovery of damages in federal court against the Commonwealth of Puerto Rico, the Puerto Rico Police, and the individual defendants in their official capacity is barred by virtue of the Eleventh Amendment.

### B. *§ 1983 Claims against defendant Guevarez–Garcia*

Defendants submit that Plaintiffs' claims against Defendant Guevarez–Garcia are solely based on the general allegation that he was the direct supervisor of the police officers who committed the injurious acts. Defendants aver that Plaintiffs have failed to establish that Defendant Guevarez–Garcia was personally involved in any action that might have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. Accordingly, Defendants request that all claims brought against Guevarez–Garcia be dismissed.

Plaintiffs counter that the Complaint provides Guevarez–Garcia sufficient notice of the charges leveled against him. Plaintiffs also claim that there is further discovery to be conducted, and that upon its conclusion, they will be in a better position to describe with more detail all the events and transactions that transpired in January 2005. The Court disagrees.

Section 1983 affords redress against a person who, under color of state

law, deprives another person of any federal constitutional or statutory right. *Omni Behavioral Health v. Miller,* 285 F.3d 646, 650–51 (8th Cir.2002); *see also Cruz–Erazo v. Rivera–Montanez,* 212 F.3d 617, 621 (1st Cir.2000). It is well settled that in order for a claim to be cognizable under § 1983, plaintiffs must plead and prove three elements: (1) that the defendants acted under color of state law; (2) that plaintiffs were deprived of federally protected rights, privileges, or immunities; and (3) that the defendants' alleged conduct was causally connected to the plaintiffs' deprivation, *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 558 (1st Cir. 1989). Hence, to succeed in a § 1983 action, plaintiffs must prove that defendants actions were a cause in fact or a proximate cause of their injury. *See Collins v. City Harker Heights,* 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

 Under § 1983, liability in damages can only be imposed upon officials who were involved personally in the deprivation of constitutional rights. *Kostka v. Hogg,* 560 F.2d 37, 40 (1st Cir.1977). Personal involvement requires a showing of a casual connection or affirmative link between the specific defendant and plaintiffs federal rights deprivation. *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 902 (1st Cir.1988); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985). This may consist of direct acts by the defendant, or certain acts performed at defendant's direction or knowledge and consent. *Rodriguez–Vázquez v. Cintrón–Rodríguez,* 160 F.Supp.2d 204, 209 (D.P.R.2001). Each defendant individually responds for his own acts and omissions in light of his own duties. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 370, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In other words, as there is no *respondeat superior* liability under § 1983, liability can only be imposed upon officials who were personally involved in the deprivation of constitutional rights. *Lipsett,* 864 F.2d at 901–902.

In the case at bar, Plaintiffs claim that Guevarez–Garcia is liable solely because the Puerto Rico Police Units were deployed to the area under his direct supervision. That is, plaintiffs do not allege that Guevarez–Garcia personally committed any of the illegal acts charged in the Complaint. Therefore, inasmuch as § 1983 does not provide for supervisory liability, plaintiffs averments against Guevarez–Garcia are not sufficient to survive a motion to dismiss. Although at this stage the Court must view the facts in the light most favorable to the non-moving party, plaintiffs, nonetheless, must put "their best foot forward in an effort to present a legal theory that will support their claim." *McCoy,* 950 F.2d at 23. Simply stating that further discovery would give them a more precise idea of how to proceed against Guevarez–Garcia is not enough.

Plaintiffs have thus failed to establish that Guevarez–Garcia was personally involved in any act that could have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Accordingly, all § 1983 claims against Guevarez–Garcia are **DISMISSED.**

### CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** the defendants' Motion to Dismiss. Partial Judgment shall enter accordingly.

IT IS SO ORDERED.