**Milagros RIVERA–TORRES,**
Plaintiff(s)

v.

**SISTEMA DE RETIRO PARA MAESTROS, INC.,**
Defendant(s).

Civil No. 04–2226(JAG).

United States District Court,
D. Puerto Rico.

Sept. 25, 2006.

---

5. *See,* Opposition (docket No. **215**) and Reply (docket No. **226**) and Supplemental Motion (docket No. **224**).

Peter John Porrata, Peter John Porrata Law Office, San Juan, PR, for Plaintiffs.

Anita Montaner–Sevillano, McConnell Valdes, Pedro J. Salicrup, Salicrup & Assoc., San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Milagros Rivera–Torres ("plaintiff") filed the present complaint against defendant "Sistema de Retiro para Maestros" ("SRM"), pursuant to the Age Discrimination in Employment Act ("ADEA"),

29 U.S.C. § 621 *et seq.*, and Puerto Rico Act No. 100, 29 L.P.R.A. § 146 *et seq.*

On May 3rd, 2006, SRM moved for the dismissal of the complaint on Eleventh Amendment immunity grounds. (Docket No. 40). Specifically, the SRM claims to be an "arm" of the Commonwealth of Puerto Rico, and thus immune from suit in federal court. *Id.*, at 6. In support of its contention, the SRM cites paragraph 3 of the Complaint, which states that the SRM is "a Government entity, duly organized under the Laws of the Commonwealth of Puerto Rico," and the Puerto Rico Supreme Court's decision in *Junta De Retiro Para Maestros v. Junta De relaciones Del Trabajo*, 108 D.P.R. 448, 1979 WL 59131 (1979). No other argument is advanced by the SRM.[1]

On June 1st, 2006, the plaintiff conceded that the Eleventh Amendment shields the States (including Puerto Rico) from suits for money damages under the ADEA, but argued that the Eleventh Amendment is inapposite here because the SRM: 1) is an independent government entity that generates its own funds; 2) has capacity to sue and be sued; 3) is subject to minimal government control; and 4) the State has immunized itself from the acts and omissions of the SRM. (Docket No. 47 at 6–7).

Hence, the outcome of the motion at bar hinges on determining whether the SRM is an "arm" or "alter ego" of the Commonwealth of Puerto Rico. For the reasons set forth below, the Court rules that it is not.

## STANDARD OF REVIEW

### 1. *Motion to Dismiss Standard*

 Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 *(citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### 2. *Eleventh Amendment Immunity*

 The Eleventh Amendment bars suits against states for money damages unless the state has consented. *See Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority*, 991 F.2d 935, 938 (1st Cir.1993); *In re San Juan Dupont Plaza Hotel Fire Lit.*, 888 F.2d 940, 942 (1st Cir.1989); *Ramirez v. P.R. Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983).[2] Eleventh Amendment Im-

---

**1.** Aside from citing *Junta De Retiro Para Maestros,* the SRM fails to discuss how the case supports its contention here. (Docket No. 40 at 6).

**2.** The Eleventh Amendment provides that: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against

munity extends to "arms" or "alter egos" of the State. *Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp.,* 322 F.3d 56 (1st Cir.2003); *Bernier–Aponte v. Izquierdo–Encarnacion,* 196 F.Supp.2d 93, 98–99 (D.P.R.2002). Similarly, suits filed against state officials in their official capacity are deemed actions against the state, regardless of whether the state is a named party to the suit, since the real party in interest is the State and not the official. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

■ To determine whether a government instrumentality is an "arm" or "alter ego" of the State, the Supreme Court has established a two-step analysis. First, the Court must analyze how the State has structured the government institution; and, second, if the "structural indicators point in different directions," the risk of the damages being paid from the public treasury should be assessed. *Fresenius Medical Care,* 322 F.3d at 65–69.

■ The United States Supreme Court has established that the Eleventh Amendment protection primarily furthers two goals: 1) the protection of a State's treasury; and 2) the protection of its "dignity" interest as a sovereign in not being haled into federal court. *Fed. Mar. Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002). However, the Eleventh Amendment immunity may be waived by the state or "stripped away" by Congress. *Metcalf & Eddy, Inc.,* 991 F.2d at

938. There are four (4) circumstances in which the Eleventh Amendment protection unravels: 1) when a state consents to be sued in a federal forum; 2) when a state waives its own immunity by statute or the like; 3) when Congress abrogates state immunity ("so long as it speaks clearly and acts in furtherance of particular powers"); and 4) when, provided circumstances allow, other constitutional imperatives take precedence over the Eleventh Amendment protection. *Id.*

■ The question of whether the SRM is an arm of the Commonwealth and thus entitled to share its Eleventh Amendment immunity is a question of federal law. *Regents of the University of California v. Doe,* 519 U.S. 425, 429 n. 5, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *Fresenius Medical Care,* 322 F.3d at 61. But this federal question can be answered only after considering the provisions of state law that define the agency's character. *Id.*

## DISCUSSION

■ Here the Commonwealth of Puerto Rico is not a party nor has it sought to express its views in this litigation as a party or *amicus.* The SRM, nonetheless, is attempting to cloak itself with Eleventh Amendment immunity under the theory that it is an arm of the state. Upon due consideration of the submissions by the parties, and the applicable law, the Court finds that the SRM fails to show that it is an "arm" of the Commonwealth of Puerto Rico for Eleventh Amendment purposes. *See Fresenius Medical Care,* 322 F.3d at 61 (citing *Wojcik v. Massachusetts State Lottery Commission,* 300 F.3d 92, 99 (1st

one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. Amend XI. Puerto Rico is considered a state for Eleventh Amendment purposes. *See Bernier–Aponte v.*

*Izquierdo–Encarnacion,* 196 F.Supp.2d 93, 98 (D.P.R.2002) (*citing Negron Gaztambide v. Hernandez Torres,* 145 F.3d 410 (1st Cir. 1998)).

Cir.2002))(holding that the party asserting Eleventh Amendment immunity "bears the burden of showing it is an arm of the state").

A review of the SRM's Enabling Act reveals that the entity is structured so as not to share the Commonwealth's Eleventh Amendment immunity. For instance, the Act creates an "entity independent and separate from others of the Government of Puerto Rico." 18 L.P.R.A. § 391b (translation ours). Moreover, the SRM is explicitly empowered to sue and be sued, and "to prepare and approve an expense budget for its government and administration." *Id.,* § 391d (a) and (c)(translation ours). Perhaps more important, Article 60 of the Enabling Act explicitly states that

> [a]ll debts, obligations, and responsibilities, including the active pensions of the teachers and their beneficiaries, as well as the obligation to fulfill and the right to receive the benefits of any judgment that may be pronounced against or in favor of the Teacher's Retirement Board after the approval of this Act, are hereby transferred to the [SRM]. *Id.,* § 391 (Transfers).

Thus, the Enabling Act makes it perfectly clear that the SRM is administratively and fiscally separate from the Commonwealth. That is, the Puerto Rico Legislature not only created the SRM as an administratively autonomous body, but also made certain that its acts and omissions would not affect the coffers of the Commonwealth.

In light of such a pellucid legislative design, the motion to dismiss must fail. *See Auer v. Robbins,* 519 U.S. 452, 456 n. 1, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (holding that the Board of Police Commissioners was not an arm of the state because the state was not responsible for the Board's financial liabilities and the only form of state control was the governor's

power to appoint four of five Board members); *Hess v. Port Authority Trans–Hudson Corp.,* 513 U.S. 30, 49–50, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) (holding that the vulnerability of the state's purse is the most salient factor in the Eleventh Amendment determination); *Metcalf & Eddy, Inc.,* 991 F.2d at 941 (the Court rejected a claim of immunity, finding insufficient the argument that a judgment would deplete the Puerto Rico Aqueduct and Sewer Authority's operating funds, and the Commonwealth might choose to rescue it, and that this would indirectly deplete the state treasury).

## CONCLUSION

For the reasons elucidated above, the Court **DENIES** the Motion to Dismiss.

IT IS SO ORDERED.