Sonia M. **LANDRAU, et al., Plaintiffs,**

v.

Jose E. Solis **BETANCOURT, et al., Defendants.**

Sonia M. Landrau, et al., Plaintiffs,

v.

Jose E. Solis Betancourt, et al., Defendants.

Civil Nos. 05–2185 (FAB), 06–1773 (FAB).

United States District Court, D. Puerto Rico.

July 27, 2007.

Luis G. Salas–Gonzalez, Raymond A. Cabrera, Silvia G. Rico–Medina, Cabrera & Rico, San Juan, PR, for Plaintiffs.

Francisco Ortiz–Santini, Juan R. Marchand–Quintero, Juan R. Marchand Quintero Law Office, John M. Garcia–Nokonechna, Luis F. Del–Valle–Emmanuelli, Garcia & Fernandez, San Juan, PR, PHV Christopher J. Robinson, PHV Elizabeth

A. McNamara, Robert D. Balin, Davis Wright Tremaine LLP, New York, NY, Etienne Totti–Del–Valle, Daniel Molina–Lopez, Totti & Rodriguez Diaz, Hato Rey, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On May 22, 2007, 2007 WL 5173642, the Court issued an Opinion and Order (Docket No. 88) dismissing plaintiffs' claims under the Lanham Act, 15 U.S.C. § 1125(a), the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Visual Artists Rights Act, 17 U.S.C. § 106A, the Puerto Rico Intellectual Property Law, 31 P.R. Laws Ann. §§ 1401–1401i, and Unfair Competition Law, 10 P.R. Laws Ann. § 251, against Architectural Digest and El Dia, Inc. The Court also dismissed all but one of plaintiffs' claims, the Lanham Act claim, against Jose Solis–Betancourt. The Court further ordered that the plaintiffs show cause why their claims against Sergio Ramirez–de–Arellano and Teresa Del Valle (the "homeowners") should not also be dismissed for the same reasons. After reviewing plaintiffs' response to the order to show cause (Docket No. 90), the Court finds that their claims against the homeowners must also be dismissed for failure to state a claim upon which relief could be granted.

## DISCUSSION[1]

A. *Motion to Dismiss Standard.*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods.,*

---

1. For an exposition of the facts of the case, see the Court's Opinion and Order of May 22, 2007 (Docket No. 88).

*Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

**B.** *Plaintiffs' Claims Against the Homeowners*

■ Plaintiffs argue that the homeowners are liable for contributory infringement under the Lanham Act. Plaintiffs argue that the homeowners allowed, assisted, induced or approved Solis–Betancourt's copying, reproductions, and preparation of derivative plans and, thus, are equally liable trademark infringement.

■ "Contributory infringement liability, however, exists only 'if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement.'" *National Basketball Ass'n v. Sports Team Analysis and Tracking Systems,* 939 F.Supp. 1071, 1108 (S.D.N.Y.1996)(*quoting Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 854, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)). *See also Transdermal Products v. Performance Contract Packaging,* 943 F.Supp. 551, 553 (E.D.Pa.1996)(holding that the Lanham Act allows contributory infringement when a manufacturer "intentionally induces another to infringe a trademark.").

In this case, the Court cannot find that the homeowners are liable under the contributory infringement theory. To establish the homeowner's liability, plaintiffs would have to establish that they intentionally induced Solis–Betancourt into infringing plaintiffs' trademark by claiming credit for the services they performed of designing the project. There simply is no allegation in the complaint or any evidence on the record that would support a finding that the homeowners induced Solis–Betancourt into infringing conduct or that it was intentional.

Accordingly, plaintiffs' Lanham Act claims against the homeowners must be dismissed for failure to state a claim. Furthermore, because the Court has already found that plaintiffs have failed to establish that any copyright violation occurred, their copyright claims against the homeowners must also be dismissed.

## CONCLUSION

For the foregoing reasons, the Court dismisses plaintiffs' federal claims against the homeowners **with prejudice.** Supplemental state law claims against the homeowners are dismissed **without prejudice.** Judgment shall enter accordingly.

**IT IS SO ORDERED.**