**Cruz MARTÍNEZ–RIVERA, et al., Plaintiffs**

v.

**Roberto SÁNCHEZ–RAMOS, et al., Defendants.**

**Civil No. 05–2146 (JAG).**

United States District Court, D. Puerto Rico.

April 20, 2009.

Edwin Prado–Galarza, Prado, Nunez & Associates, PSC, Francisco Ramos–Martinez, San Juan, PR, for Plaintiffs.

Alex J. Vazquez–Saldana, Floor 6, Federal Litigation, Puerto Rico Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendants' motion to dismiss. (Docket No. 132). For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2009, Plaintiffs filed a Fourth Amended Complaint in the case at bar. Plaintiffs request money damages under the Civil Rights Act, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment of the Constitution of the United States, and the Constitution and laws of the Commonwealth of Puerto Rico.

Specifically, Plaintiffs allege that on October 24, 2008, the Puerto Rico Police Department ("PRPD") conducted a raid in the Torre Sabana Housing Project during which Luis Cepeda Martínez ("Cepeda") was shot and killed by PRPD police officers. According to Plaintiffs, Cepeda was unarmed and posed no threat to the PRPD officers when he was shot. Plaintiffs are all members of Cepeda's family. In their complaint, Plaintiffs proffer claims against the Secretary of Justice of the Commonwealth of Puerto Rico in his official capacity. Likewise, Plaintiffs' submit claims against Co–Defendant Agustín Cartagena in his official capacity as PRPD Superintendent. Moreover, Plaintiffs bring forth claims against several individual PRPD police officers. Pursuant to the complaint, the claims against the individual PRPD police officers are both in their personal and official capacities. (Docket No. 129).

■ On February 19, 2009, Defendants moved to dismiss, Plaintiffs' official capacity claims against them on Eleventh Amendment grounds.[1] (Docket No. 132). On March 20, 2009, Plaintiffs responded to Defendants' motion and stated that the claims brought forth against Defendants are in their personal and not their official capacity and, as such, the Eleventh Amendment is inapplicable. (Docket No. 136).

## STANDARD OF REVIEW

A. *Motion to Dismiss Standard.*

In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez-Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007) (citing *Twombly,*

127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (citing *Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

■ The Eleventh Amendment "prohibit[s federal courts] from hearing most suits brought against a state by citizens of that or any other state." *Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth.,* 991 F.2d 935, 938 (1st Cir.1993). "[D]espite

---

1. The Eleventh Amendment bars any action in a federal court for damages against a state office-holder in his official capacity. *Will v.*

*Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

the absence of any express reference," the Eleventh Amendment "pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." *De Leon Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116, 121 (1st Cir.1991).

"[T]he government enjoys broad protection through the operation of the sovereign immunity doctrine." *Muirhead v. Mecham*, 427 F.3d 14, 18 (1st Cir.2005). Often, a suit against a state official is considered a suit against the state, which triggers Eleventh Amendment immunity. *Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 24 (1st Cir. 2007). Consequently, when a plaintiff brings suit against a Puerto Rico state official in his personal capacity rather than against the Commonwealth of Puerto Rico itself, the Court must ascertain whether the suit in reality is a suit against the Commonwealth of Puerto Rico. *Muirhead v. Mecham*, 427 F.3d 14, 18 (1st Cir.2005).

■ This analysis examines the conduct challenged and the relief sought. *Id.* When the actions of an officer do not conflict with the terms of his valid statutory authority, they are considered actions of the sovereign, which are protected by the Eleventh Amendment. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 695, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).[2] Furthermore, when the relief sought "would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act" the suit will be considered one against the sovereign. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) (internal citations omitted).

■ The Eleventh Amendment does not apply in a suit against an officer to recover damages for the agent's personal actions, because the judgment sought will not require action by the sovereign or disturb the sovereign's property. *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Larson*, 337 U.S. at 687, 69 S.Ct. 1457.[3] Accordingly, a citizen may seek monetary damages against a state officer for acts done under color of law, but only if the officer is sued in his or her individual capacity.[4] *Id.*

■ In the present case, Defendants are all state officers and they are sued for alleged acts done under color of law. Consequently, the sovereign immunity doctrine bars any official capacity claim brought forth against Defendants. In the complaint, Plaintiffs only proffer official capacity claims against the Secretary of Justice of the Commonwealth of Puerto Rico and Agustín Cartagena. Therefore, Plaintiffs' claims against said Defendants must be dismissed with prejudice.[5] How-

**2.** The doctrine of sovereign immunity does not apply when an officer's power is limited by statute and his actions go beyond those limitations. *Id.* at 689, 69 S.Ct. 1457; *see also Muirhead*, 427 F.3d at 19.

**3.** "If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit against the sovereign." *Id.* at 689, 69 S.Ct. 1457.

**4.** "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Graham*, 473 U.S. at 165, 105 S.Ct. 3099.

"[T]o establish personal liability in a section 1983 action it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166, 105 S.Ct. 3099.

**5.** As mentioned above, in their response to Defendants' motion to dismiss, Plaintiffs stated in a general manner that their claims against Defendants were in their personal capacity. However, in their Fourth Amended Complaint, Plaintiffs did not allege any personal capacity claims against the Secretary of Justice of the Commonwealth of Puerto Rico and Agustín Cartagena. Plaintiffs should note

ever, in their complaint, Plaintiffs specify that their claims against the individual PRPD police officers are both in their personal and official capacities. Thus, only Plaintiffs' official capacity claims against the individual PRPD police officers must be dismissed.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' motion to dismiss. (Docket No. 132). Plaintiffs' claims against the Secretary of Justice of the Commonwealth of Puerto Rico and Agustín Cartagena shall be dismissed with prejudice. Partial Judgment shall be entered accordingly. Furthermore, Plaintiffs' official capacity claims against the individual PRPD police officers shall also be dismissed with prejudice. Only those claims against the individual PRPD police officers in their personal capacity shall remain pending.

IT IS SO ORDERED.

that the deadline for filing any other amended complaint has elapsed and will not be extended.